**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph David Cruz, Jr., | No. CV-25-00002-TUC-JGZ (LCK) |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell et al., | |
| Respondents. | |

Petitioner Ralph David Cruz Jr., presently incarcerated at the Arizona State Prison Complex-Lewis, Buckley Unit in Buckeye, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. (Doc. 1.) In his Petition, Cruz presents one ground for relief: his life sentence without the possibility of parole violates the Eighth Amendment's prohibition against cruel and unusual punishment because he was sixteen years old when he committed the crimes at issue and he is not "permanently incorrigible." (*Id.* at 6.) The Petition is fully briefed. (*See* Docs. 1 & 14.) For the reasons that follow, the Court will deny the Petition.

**I.   Factual and Procedural Background[1]**

In August 2000, then-sixteen-year-old Cruz shot and killed a mother and her two children during a robbery. (Doc. 14-1 ¶ 2, Ex. A.) Cruz pleaded guilty pursuant to a plea agreement, in Pima County Superior Court, to one count of armed robbery and three counts

---

[1] The facts are taken from the Arizona Appellate Court's decision. (Doc. 14-1, Ex. A.) The Appellate Court's stated facts are entitled to a presumption of correctness. 25 U.S.C. § 2254(e)(1).

of first-degree murder. (*Id.*)² The plea agreement specified that Cruz would be sentenced to natural life or life with the possibility of release after twenty-five years for the first murder count or release after thirty-five years for the second and third murder counts. (*Id.*) The plea agreement also required Cruz's prison terms to run consecutively. (*Id.*) The court sentenced Cruz to life imprisonment with the possibility of release after twenty-five years for the first murder, to be followed by consecutive terms of natural life for the children's murders. (*Id.*) The court imposed a consecutive 10.5-year prison term for the armed robbery. (*Id.*)

In 2013, Cruz sought post-conviction relief in the Pima County Superior Court. (Doc. 14-1 ¶ 3, Ex. A.) Cruz argued that *Miller v. Alabama*, 567 U.S. 460 (2012), required that he be sentenced to life with the possibility of parole, and asserted the sentencing court gave insufficient weight to his age as a mitigating factor. (*Id.*) In *Miller,* the Supreme Court held that the Eighth Amendment prohibits the imposition of mandatory life-without-parole sentences for juveniles. 567 U.S. at 480. The court, however, did not categorically prohibit such sentences. It held that sentencers must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. The state court denied Cruz relief, and later the court of appeals denied relief, observing that "even under *Miller*'s heightened standard, the sentencing court adequately considered Cruz's youth in deciding whether to impose a natural life sentence." (Doc. 14-1 ¶ 3, Ex. A.)

In 2016, Cruz again sought post-conviction relief. (*Id.* ¶ 4.) Citing *State v. Valencia* (*Valencia I*), 239 Ariz. 255, 259 (Ct. App. 2016), Cruz asserted he was entitled to a resentencing to consider whether his crimes reflected permanent incorrigibility, such that a natural life sentence could be imposed. (*Id.*) While the matter was pending, the Arizona Supreme Court issued a decision vacating *Valencia I*, and holding that juvenile defendants

---

² Defendant pled guilty in a "wrap plea" to all charges in the indictment as well as the charge of aggravated assault with a deadly weapon from a home invasion, which the State charged in a separate cause number, CR-20002954. The trial court imposed a sentence of ten years for aggravated assault in CR-20002954, consecutive to all other sentences. (*See* Doc. 14-2 at 193, Ex. OO.)

sentenced to life imprisonment were entitled to "have an opportunity to establish, by a preponderance of the evidence, that their crimes did not reflect irreparable corruption but instead transient immaturity." *State v. Valencia* (*Valencia II*), 241 Ariz. 206 (2016). Thereafter, the trial court set a hearing to allow Cruz to present evidence as to his "transient immaturity." (Doc. 14-1 ¶ 4, Ex. A.) The hearing was continued in anticipation of rulings by the United States Supreme Court related to juvenile sentencing. (*Id*.) After the evidentiary hearing was completed in March 2023, the state trial court denied relief. (*Id.* ¶¶ 4–5.) Noting that the sentencing court had been "required, and did, consider [Cruz]'s youth before imposing the sentences," the court concluded "the constitutional requirements of the *Miller* decision were satisfied." (*Id*. ¶ 5) The court also "revisited" the sentencing court's decision "in light of subsequent rulings on the subject by both the United States Supreme Court and the Arizona Supreme Court," and concluded that Cruz had failed to show, by a preponderance of the evidence, that 'his actions . . . were the result of transient immaturity and instead were the result of permanent incorrigibility/irreparable corruption." (*Id*.) "The court therefore affirmed Cruz's natural life prison terms." (*Id*.)

In 2024, Cruz appealed the trial court's determination to the state court of appeals, which granted review but denied relief. (Doc. 14-1 ¶ 10, Ex. A.) Cruz argued that he "'overwhelmingly proved he is not permanently incorrigible,' the trial court erred by rejecting expert testimony 'based on preconceived notions and lay assumptions,' and the trial court 'cherry-picked certain testimony.'" (*Id*. ¶ 6.) The appeals court declined to address Cruz's arguments. The court explained that, in *State ex rel. Mitchell v. Cooper*, 256 Ariz. 1 (2023), the Arizona Supreme Court overruled *Valencia II* in light of the U.S. Supreme Court's decision in *Jones v. Mississippi*, 593 U.S. 98 (2021), thereby eliminating *Valencia II*'s requirement that juvenile defendants subject to natural life sentences receive an evidentiary hearing to demonstrate that their crimes did not reflect irreparable corruption but instead transient immaturity. (Doc. 14-1 ¶¶ 1, 7, Ex. A (quoting *Valencia II*, 241 Ariz. at 209–10, ¶¶ 15, 18).) The appeals court reiterated that, under *Jones*, a natural life sentence is constitutional if the sentencing court considered the "juvenile offender's 'youth and

attendant characteristics.'" (*Id.* ¶ 7 (quoting *Jones*, 593 U.S. at 106).) The court further noted that, in *Jones,* the Supreme Court clarified that "sentencing courts need not provide an 'on-the-record sentencing explanation with an implicit finding of permanent incorrigibility.'" (*Id.* (quoting *Jones*, 593 U.S. at 115).) Applying these principles, the appeals court concluded the trial court could not have "erred by denying Cruz relief after an evidentiary hearing held to address a question . . . the trial court was not required to address." (*Id.* ¶ 8.) The court further found that no constitutional infirmity was apparent from the record because the sentencing court found Cruz's age to be a mitigating factor. (*Id*. ¶ 9.)

On December 18, 2024, Cruz deposited the instant petition in the mail. In the Petition, Cruz challenges the constitutionality of his state sentences. (Doc. 1 at 6.)

## II.     Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a "'highly deferential standard for evaluating state-court rulings,' . . . demand[ing] that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). Under AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When a state court has adjudicated a claim on the merits, AEDPA requires the court to defer to the last reasoned state court decision on the constitutional issue. *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014). Here, the last reasoned state decision is the appellate court's second Post Conviction Relief (PCR) review of Cruz's sentence.

To assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Id.* at 379–80; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006). "The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams*, 529 U.S. at 390.

The court next determines whether the state court decision is "contrary to" clearly established precedent. The Supreme Court has identified two situations where a state court decision is contrary to established precedent.

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Id.* at 405–06.

Under the "unreasonable application" prong of § 2254(d)(1), a federal district court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. For a federal court to find a state court's application of Supreme Court precedent unreasonable, the petitioner must show that the state court's decision was not merely incorrect or erroneous, but objectively unreasonable. *Id.* at 409; *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

The Arizona court's sentence is not contrary to clearly established precedent. Cruz asserts: "The Arizona courts violated the Eighth Amendment by sentencing [him] to mandatory life-without-parole sentences without evidence that [he] was one of the rare offenders who is permanently incorrigible." (Doc. 1 at 6.) But Cruz's natural life sentences were not *mandatory* and the sentences were imposed in accordance with Supreme Court precedent.

#### A.   Cruz's sentence was not mandatory

Cruz's plea agreement gave the sentencing court discretion to impose a sentence less than a life sentence. (Doc. 14-1 at 10, Ex. B.) The agreement specified that Cruz would be sentenced to natural life or life with the possibility of release after twenty-five years for the first murder count or release after thirty-five years for the second and third murder counts. (*Id*.) The agreement required the prison terms for all counts to run consecutive. (*Id.* at 10–11, Ex. B.) At the change of plea hearing, the state court explained to Cruz that the court had the discretion to impose a sentence less than natural life for the murder counts. (*Id.* at 19–21, Ex. C.)

#### B.   Cruz's sentence was consistent with Supreme Court law

Cruz's sentence was not contrary to or an unreasonable application of clearly established federal law. In *Miller*, the Supreme Court held that sentencing schemes mandating life imprisonment without the possibility of release for juvenile homicide offenders violate the Eighth Amendment, but the court allowed for *discretionary* life-without-parole sentences for those offenders where "a judge or jury [has] the opportunity to consider mitigating circumstances . . . ." 567 U.S. at 465, 479, 489. The court held that a trial court must consider "an offender's youth and attendant characteristics" before sentencing a juvenile to life without the possibility of parole. *Id*. at 483.[3]

In its review of Cruz's sentencing during the second PCR proceeding, the Arizona court of appeals correctly identified and applied controlling Supreme Court law. The court

---

[3] In *Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016), the Supreme Court held *Miller* is to be applied retroactively on collateral review.

cited *Jones v. Mississippi*, 593 U.S. 98, 118 (2021), as relevant law. In *Jones*, the Supreme Court reiterated *Miller*'s holding that a natural life sentence is constitutional only if the sentencing court considered the juvenile offender's youth and attendant characteristics. 593 U.S. at 106. The *Jones* court also rejected the arguments that a sentencer is required to make a separate factual finding of permanent incorrigibility, or to make an on-the-record sentencing explanation with an implicit finding of permanent incorrigibility, before sentencing a murderer under 18 to life without parole. *Id.* at 113–14 ("[T]he Court has unequivocally stated that a separate factual finding of permanent incorrigibility is not required before a sentencer imposes a life-without-parole sentence on a murderer under 18.").

The Arizona Court of Appeals applied the relevant Supreme Court law in rejecting Cruz's claim. Consistent with Supreme Court precedent, the appellate court concluded Cruz's sentences did not violate the Eighth Amendment prohibition on cruel and unusual punishment because Cruz's natural life sentences were not mandatory and the sentencing court had considered Cruz's youth in determining the appropriate sentence to impose. The court of appeals wrote:

> As we noted above, the [sentencing] court found Cruz's age to be a mitigating factor. The Supreme Court clarified in *Jones* that neither the Constitution nor "historical or contemporary sentencing practice" require "an on-the-record explanation of the mitigating circumstance of youth by the sentencer." 593 U.S. at 116-17 . . . . And the [sentencing] court had the discretion to impose a sentence other than natural life.

(Doc. 14-1 ¶ 9, Ex. A.) The court specifically rejected Cruz's argument, also raised in his pending Petition, that the second sentencing court's determination was based on an unreasonable determination of the facts presented at the evidentiary hearing, explaining:

> Although Cruz acknowledges *Cooper*, he argues that we "should reach the merits of [his] claim" because "a *Valencia* hearing occurred." He does not cite any authority, however, nor otherwise explain how this court could conclude the trial court erred by denying Cruz relief after an evidentiary hearing held to address a question our supreme court has since clarified the trial court was not required to address.

(*Id.* ¶ 8.)[4] This Court concludes that the court of appeals' determination is consistent with

---

[4] The appellate court also noted that Cruz was found permanently incorrigible at both

- 7 -

and a reasonable application of controlling Supreme Court precedent.

## IV. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must indicate which specific issues satisfy this showing. *See id.* § 2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Cruz has not made a substantial showing of a denial of his Eighth Amendment rights or that reasonable jurists would find the Court's assessment of his claim debatable or wrong. Accordingly, the Court will deny a certificate of appealability.

## V. Conclusion

Petitioner has failed to demonstrate that he is entitled to relief on his Eighth Amendment claim. Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court is directed to enter judgment and close its file in this action.

**IT IS FURTHER ORDERED** denying the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2).

Dated this 30th day of July, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge

---

sentencing hearings, the second of which included an extensive evidentiary hearing.